**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 15-cv-01785-REB

HISPANIC AFFAIRS PROJECT, ET AL.,

    Plaintiffs,

v.

THOMAS E. PEREZ, ET AL.,

    Defendants.

**ORDER GRANTING JOINT MOTION TO TRANSFER**

**Blackburn, J.**

The matter before me is the parties' **Joint Motion To Transfer This Case to the United States District Court for the District of Columbia** [#15],[1] filed September 21, 2015. I have jurisdiction of this matter pursuant to 28 U.S.C. § 1331 (federal question). I grant the motion.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, the proposed transferee district must be one in which the district court would have had original federal jurisdiction over the action. *See **Continental Grain Co. v. The FBL-585***, 364 U.S. 19, 21-22, 80 S.Ct. 1470, 1472, 4 L.Ed.2d 1540 (1960); ***Wedelstedt v. Law Offices of Goldstein, Goldstein and Hilley***, 2006 WL 241136 at *4-5 (D. Colo. Jan. 31, 2006).

---

[1] "[#15]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

The federal venue statute provides, *inter alia*, that "[a] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1).  Defendants here all are official residents of the District of Columbia.  Thus, this threshold requirement of section 1404(a) is satisfied.

The question thus becomes whether a transfer would satisfy the stated purposes of the transfer statute: the convenience of the parties and the interests of justice.  In this instance both goals are served by a transfer.  The parties concur that the District of Columbia is a more convenient forum.  Moreover, given the pendency of a related case already before the D.C. district court, it appears to this court that a transfer would allow a more efficient resolution of the matters raised by and inherent to plaintiffs' motion for preliminary injunction.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the parties' **Joint Motion To Transfer This Case to the United States District Court for the District of Columbia** [#15], filed September 21, 2015, is granted;

2.  That all pending briefing deadlines are vacated;

3.  That the telephonic motions setting conference set for Thursday, September 24, 2015, at 10:30 a.m. (MDT) is vacated; and

4.  That this case is transferred to the United States District Court for the District of Columbia (333 Constitution Avenue N.W., Washington, D.C.  20001).

Dated September 22, 2015, at Denver, Colorado.

                                          **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge