# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

HISPANIC AFFAIRS PROJECT, *et al.*,

        Plaintiffs,

        v.

THOMAS E. PEREZ, in his official capacity
as Secretary of U.S. Department of Labor, *et
al.*,

        Defendants.

Civil Action No. 15-cv-01562 (BAH)

Chief Judge Beryl A. Howell

## MEMORANDUM OPINION

Pending before the Court is a motion for reconsideration by the plaintiffs, Hispanic

Affairs Project ("HAP"), and several individual herders, including Rodolfo Llacua, John Doe,

Rafael De La Cruz, and Alfredo Salcedo, *see generally* Motion for Clarification or

Reconsideration of Order on Motions to Dismiss ("Pls.' Mot. Reconsideration"), ECF No. 84,

which the defendants, the United States Secretary of Labor, the Department of Labor ("DOL"),

DOL's Assistant Secretary, Employment and Training Administration, the United States

Secretary of the Department of Homeland Security, and the Department of Homeland Security

("DHS"),[1] oppose, *see generally* Gov't Defs.' Mem. Opp'n Pls.' Mot. Reconsideration ("Defs.'

Opp'n"), ECF No. 85.  For the reasons explained below, the plaintiffs' motion is granted.

## I.     BACKGROUND

The factual background underlying this case has previously been explained in detail, *see*

*Hispanic Affairs Project v. Perez*, 141 F. Supp. 3d 60, 63–66 (D.D.C. 2015), *vacated and*

---

[1]      The Court granted a motion to transfer venue, pursuant to 28 U.S.C. § 1404, by the Western Range
Association and the Mountain Plains Agricultural Service.  *See Hispanic Affairs Project v. Perez*, No. 15-cv-01562,
2016 WL 4734350, *21 (D.D.C. Sept. 9, 2016).

remanded *Mendoza v. Perez*, 754 F.3d 1002, 1024 (D.C. Cir. 2014); *Mendoza v. Perez*, 72 F. Supp. 3d 168, 169–71 (D.D.C. 2014), and the plaintiffs' pending motion challenges only one aspect of the Court's previous Memorandum Opinion and Order addressing the defendants' motion to dismiss, *see Hispanic Affairs Project*, 2016 WL 4734350 at *13–14.   Accordingly, a full explication of the facts is unnecessary.  A brief overview of the relevant statutory scheme and the Court's previous holding at issue in the plaintiffs' motion for reconsideration is provided before addressing the plaintiffs' motion.

The Immigration and Nationality Act ("INA") establishes a temporary work visa program for nonimmigrant aliens "having a residence in a foreign country which he has no intention of abandoning who is coming temporarily to the United States to perform agricultural labor or services."  8 U.S.C. § 1101(a)(15)(H)(ii)(a).  Under the INA, the Secretary of Labor may certify, or approve, temporary work visas, called H-2A visas, when, *inter alia*, (1) "there are not sufficient workers who are able, willing and qualified, and who will be available at the time and place needed, to perform the labor or services involved in the petition," and (2) "the employment of the alien in such labor or services will not adversely affect the wages and working conditions of workers in the United States similarly employed."  *Id.* § 1188(a)(1)(A).  Upon review of DOL's findings, DHS issues the visas.  *Id.* § 1184(c)(1).

To satisfy the statutory mandate that H-2A workers not "adversely affect the wages and working conditions" of domestic workers, DOL has adopted regulations setting minimum wages and working conditions that "employers must offer workers."  *Mendoza*, 754 F.3d at 1008.  In 2015, after notice and comment, DOL adopted a rule that sets forth the method for calculating the prevailing wage for herders in each state.  *See* Temporary Agricultural Employment of H-2A Foreign Workers in the Herding or Production of Livestock on the Range in the United States

("2015 Rule"), 80 Fed. Reg. 62,958 (Oct. 16, 2015) (codified at 20 C.F.R. § 655).  This case

presents, *inter alia*, a challenge to the 2015 Rule.

The Court previously held, in addressing the government defendants' motion to dismiss

the plaintiffs' claims, that HAP lacks standing to challenge the 2015 Rule because none of its

members falls within the zone of interests of § 1188(a)(1), which, as noted, is the provision of

the INA under which the 2015 Rule was promulgated.  *See Hispanic Affairs Project*, 2016 WL

4734350 at *14.  In so holding, the Court relied on the D.C. Circuit's opinion in *Mendoza v.*

*Perez*, 754 F.3d 1002, 1017 (D.C. Cir. 2014), which explained that "the clear intent" of

§ 1188(a)(1) "is to protect American workers from the deleterious effects the employment of

foreign labor might have on domestic wages and working condition."  Accordingly, this Court

held that HAP's members, "who aver only that they are 'authorized to work in the United

States,' not that they are American citizens" are not "part of the class of American workers

subject to the protection of the INA provision under which the 2015 Rule was promulgated."

*Hispanic Affairs Project*, 2016 WL 4734350 at *14.  The plaintiffs now ask the Court to

reconsider this conclusion.  They clarify for the first time in this litigation, by supplemental

declarations, that at least two of their members are lawful permanent residents of the United

States.  *See* Supplemental Declarations of Magdaleno Diaz ("Diaz Decl.") and Fidel Medina

("Medina Decl."), ECF Nos. 84-1, 84-2.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), "any order or other decision . . . that

adjudicates fewer than all the claims . . . may be revised at any time before the entry of a

judgment adjudicating all the claims and all the parties' rights and liabilities."  In contrast to a

motion for reconsideration pursuant to Rule 59(e), which governs post-judgment motions for

reconsideration, "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015) (quoting *Greene v. Union Mutual Life. Ins. Co. of Am.*, 764 F.2d 19, 22 (1st Cir. 1985) (Breyer, J.); *see also Capitol Sprinkley Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011) ("Rule 54(b) . . . not only authorizes the court to enter a partial final judgment but also recognizes its inherent power to reconsider an interlocutory order 'as justice requires.'" (quoting *Greene*, 764 F.2d at 22)).

"The 'as justice requires' standard may be met, for example, where the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, erred not in reasoning but in apprehension of the relevant issues, or failed to consider a significant change in the law or facts since its decision." *Liff v. Office of the Inspector Gen. for the U.S. Dep't of Labor*, No. 14-cv-1162, 2016 WL 6584473, at *4 (D.D.C. Nov. 7, 2016) (citing *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). "The considerations embedded in the 'as justice requires' standard leave a great deal of room for the court's discretion" and, accordingly, the standard amounts to a determination "whether relief upon reconsideration is necessary under the relevant circumstances.'" *Wannall v. Honeywell Int'l, Inc.*, 292 F.R.D. 26, 30 (D.D.C. 2013) (internal quotation marks omitted), *aff'd sub nom. Wannall v. Honeywell, Inc.*, 775 F.3d 425 (D.C. Cir. 2014). A court's discretion under Rule 54(b) is not unbounded, however, for once the parties have "battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Id.* at 30–31 (internal quotation marks omitted).

## III.    DISCUSSION

The parties' arguments are set out before explaining why the plaintiffs' motion for

reconsideration is granted.

### A.    The Parties' Arguments

The plaintiffs' pending motion requests that the Court "clarify or reconsider" its

conclusion that, as non-citizens, HAP's members—and, by extension, HAP—fall outside

§ 1188(a)(1)'s zone of interests and therefore lack standing to challenge the 2015 Rule.  While

acknowledging the "correct[] conclu[ison]" that "American workers" come within § 1188(a)(1)'s

zone of interests, the plaintiffs contend that the Court incorrectly indicated that "American

workers," as used in *Mendoza*, referred only to American citizens, and not, for example, to

lawful permanent residents.  Pls.' Mot. Reconsideration at 2–3 ("T[he Court's] conclusion

ignores that one need not be an American *citizen* to be an American worker." (emphasis in

original)).  The plaintiffs note that the *Mendoza* Court relied on the definition of "U.S. worker"

supplied in 20 C.F.R. § 655.103(b), which expressly includes lawful permanent residents, Pls.'

Mot. Reconsideration at 3, and, "[a]lthough their immigration status was not mentioned by the

D.C. Circuit, declarations submitted by all the *Mendoza* [plaintiffs] indicate they were lawful

permanent residents," *id.* at 3 n.2.[2]  Further acknowledging that such declarations were absent in

the record before the Court in this case, Pls.' Mot. Reconsideration at 4 ("[The] [p]laintiffs did

not provide details about the HAP members' precise immigration status."), the plaintiffs

provided, in support of this motion, supplemental declarations from two HAP members, which

---

[2]      The plaintiffs argue, in the alternative, that the defendants "have conceded that HAP members are American workers and have forfeited any argument to the contrary."  *Id.* at 4.  This contention places too much weight on the defendants' failure to dispute the plaintiffs' cursory references to various HAP members as "American shepherds" and as being legally authorized to work in the United States.

state, for the first time, that the members are lawful permanent residents of the United States. *See* Diaz Decl.¶ 2 and Medina Decl. ¶ 2.

The defendants oppose this motion, principally, because they claim to be prejudiced by reconsideration of the plaintiffs' late-breaking argument and accompanying declarations. *See* Defs.' Opp'n at 2–4. In particular, the defendants argue that "[b]ased on [the plaintiffs'] prior representations, the [defendants] argued that 'American workers – *like Llacua* – who can demonstrate informal participation in the herding market 'fall within the class of individuals whom the INA seeks to protect . . . .'" *Id.* at 3 (quoting Defs.' Mem. Support Mot. Dismiss Pls.' Am. Compl., ECF No. 64-1 (emphasis added)); *accord id.* at 2 (explaining that "this litigation began in August, 2015 and has been subject to three different operative Complaints" and that the plaintiffs "have not once submitted any specific, competent evidentiary matter indicating any of HAP's members are non-foreign workers"). The defendants go on to explain that they "might have argued the point differently and actually addressed whether HAP is within the section 1188's zone of interests had [the plaintiffs] actually submitted factual matter indicating any of its members were [lawful permanent residents]." *Id.* at 3–4.[3]

In light of the defendants' assertion of prejudice and possible arguments they might have made, the Court afforded the defendants an opportunity to "provide . . . an explanation of any additional arguments the defendants might have raised as to whether HAP comes within 8 U.S.C. § 1188(a)(1)'s zone of interests." Minute Order (dated Nov. 10, 2016). The defendants responded, stating that they "do[] not have any additional arguments concerning whether HAP is

---

[3] The plaintiffs note that "[t]he Government does not dispute that *Mendoza* dictates that legal permanent residents have standing to challenge the 2015 Rule." Pls.' Reply Supp. Mot. Clarification or Reconsideration at 1, ECF No. 86.

within 8 U.S.C. § 1188(a)(1)'s zone of interests."  Gov't Defs.' Resp. Court Order Dated Nov.

10, 2016 ("Defs.' Resp. Court Order") at 2, ECF No. 88.[4]

> ### B.    Some HAP Members are "American Workers"

The plaintiffs contend that the suggestion in the challenged Memorandum Opinion that

all non-citizens fall outside § 1188(a)(1)'s zone of interests is imprecise and an overreading of

*Mendoza*.  The Court agrees.  In *Mendoza*, the D.C. Circuit explained that "the clear intent of

[§ 1181(a)(1)] is to protect American workers from the deleterious effects the employment of

foreign labor might have on domestic wages and working conditions."  *Mendoza*, 754 F.3d at

1017.  Further, the D.C. Circuit held that the plaintiffs were "American workers" whose

"interests [we]re squarely within the zone of interests protected" by § 1181(a)(1).  *Id.*; *see also*

*id.* at 1009 ("The plaintiffs currently have a lawful immigration status and are authorized to work

in the United States, thus qualifying as U.S. workers under the INA and H-2A regulations."[5]).

No distinctions were drawn based on citizenship, and indeed, three of the *Mendoza* plaintiffs

were lawful permanent residents—not citizens—and this fact gave the D.C. Circuit no pause.

*See* Declarations of Reymundo Zacarias Mendoza, Francisco Javier Castro, and Sergio

Velasquez Catalan, *Mendoza v. Perez*, No. 11-cv-1790-BAH (filed Feb. 13, 2012), ECF Nos. 26-

1 ¶ 8, 26-2 ¶ 6, 26-4 ¶ 7.

---

[4]        Instead, the defendants argue that "reconsideration should not be granted absent an express finding 'that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Id.* (quoting *Nat'l Sec. Counselors v. CIA*, Nos. 11-443, 11-444, 11-445, 2016 WL 4621060, *6 (D.D.C. Sept. 6, 2016)).  Problematically, however, the standard that the defendants invoke applies in the context of a post-judgment motion for reconsideration pursuant to Rule 59(e).  As discussed above, that standard is more stringent than the "as justice requires" standard that applies here to a Rule 54(b) motion.

[5]        As the plaintiffs indicate, this *dicta* in the background section of *Mendoza* arguably could be read to suggest that H-2A workers qualify as "American workers" within the meaning of the statute.  The Court need not reconsider this question, however, as the plaintiffs expressly state that they do not challenge that aspect of the Court's previous opinion.  *See* Pls.' Mot. Reconsideration at 3 n.1 ("[The] [p]laintiffs do not press this separate issue in this motion.").

Here, HAP has at least two members who are lawful permanent residents of the United States. Although this fact was not brought to the Court's attention until the plaintiffs moved for reconsideration, *see* Pls.' Mot. Reconsideration at 4 (acknowledging that the plaintiffs may have caused "confusion" by "not provid[ing] details about the HAP members' precise immigration status" earlier in the litigation), it is now clear that these members, as lawful permanent residents, fall within § 1188(a)(1)'s zone of interests.[6] Under *Mendoza*, HAP members also meet the requirements for Article III standing. *See Hispanic Affairs Project*, 2016 WL 4734350 at *14– 15. Accordingly, HAP has standing to join in Mr. Llacua's challenge to the 2015 Rule. *See Sierra Club v. FERC*, 827 F.3d 59, 65 (D.C. Cir. 2016) ("An organization has associational standing to bring suit on its members' behalf when: (1) at least one of its members would have standing to sue in his or her own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." (internal quotation marks omitted); *see also Hispanic Affairs Project*, 2016 WL 4734350 at *14 n.8 (explaining that HAP had met the requirements for associational standing except that it had not "provid[ed] the necessary information regarding whether any of its members are American workers").

## IV.   CONCLUSION

For the foregoing reasons, the plaintiffs' Motion for Clarification or Reconsideration of Order on Motions to Dismiss is granted. Accordingly, HAP has established, through its

---

[6]   As noted, the defendants contend that this revelation came too late and should not be considered by the Court. *See* Defs.' Opp'n at 2 ("That late-breaking allegation does not provide any basis to reconsider the Court's prior ruling."). The defendants, however, have been unable to identify any prejudice they suffer as a result of the belated submission of the affidavits. Indeed, as the defendants themselves point out, the Court's Order ruling on the defendants' motion to dismiss held that at least one plaintiff—Mr. Llacua, the American sheepherder—falls within § 1188(a)(1)'s zone of interests and therefore has standing to challenge the 2015 Rule. *See* Defs.' Resp. Court Order at 3 ("Llacua[] retains causes of action against the [d]efendants as to the 2015 Rule at issue in this case."). Accordingly, the trajectory of this litigation remains virtually unchanged by granting the plaintiffs' motion for reconsideration and holding that HAP has standing to challenge the 2015 Rule.

members, that it falls within the zone of interests of 8 U.S.C. § 1188(a)(1), and that it may

challenge the 2015 Rule along with Rodolfo Llacua.  An order consistent with this opinion will

be contemporaneously entered.

      Date:  November 23, 2016


_____

BERYL A. HOWELL
Chief Judge