**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Civil Case No. 15-cv-01562-BAH

HISPANIC AFFAIRS PROJECT, ET AL.,
      Plaintiffs,

v.

ALEXANDER ACOSTA, ET AL.,
      Defendants.

---

**JOINT REPORT GOVERNING FURTHER PROCEEDINGS IN THIS MATTER**

---

Pursuant to this Court's November 15, 2018 minute order directing that the Parties file a joint report proposing a schedule to govern further proceedings in this matter, the Parties inform the Court that they have reached agreement on certain aspects of this schedule but have been unable to resolve disputes as to others.

**A.      Remaining Claims**

Plaintiffs' remaining claims concern alleged practices adopted by the Departments of Labor and Homeland Security governing employers of range sheep or goat herders who work on temporary agricultural visas, which are normally called H-2A visas. DOL approves what it refers to as applications for temporary employment certification filed by employers of H-2A herders. DHS then approves the H-2A petition for a nonimmigrant worker filed on behalf of the herder.

Plaintiffs allege that approving H-2A temporary employment certifications and visa petitions for herders violates 8 U.S.C. § 1101(a)(15)(H)(ii)(a), which requires that an H-2A nonimmigrant worker only perform "temporary or seasonal" work. Plaintiffs also allege that the approvals violate DOL and DHS regulations interpreting "temporary or seasonal" work.

B.      **Items of Agreement**

1.      **Resolution of the Merits**

The Parties agree that this Court should resolve the merits of Plaintiffs' remaining claims through staggered motions for summary judgment. The Parties propose a schedule that is tied to this Court's resolution of the question about discovery (discussed below), with Plaintiffs filing a motion for summary judgment, Defendants filing an opposition/cross motion for summary judgment, Plaintiffs filing a reply/opposition, and Defendants filing a reply.

2.      **Factual Stipulation**

The Parties have agreed that the following stipulation, submitted by the Federal Defendants, at the least narrows the need for discovery in this case:

> The Department of Labor (DOL) admits that, consistent with 20 C.F.R. § 655.215(b)(2), it certifies applications for temporary employment certification (TLC) of range sheep or goat herding positions (hereinafter "herders") with periods of need of up to 364 calendar days.

> The Department of Homeland Security (DHS) admits that, to date, it has regularly approved H-2A nonimmigrant visa petitions filed by petitioners for temporary herders seeking H-2A nonimmigrant status for a period of up to 364 days, if those petitions were accompanied by a TLC approved for such period and DHS determined that the H-2A petition filed on the herder's behalf was otherwise approvable for such period under applicable law.

> DHS admits that, at the end of a 364-day period, it has, to date, regularly approved subsequent Form I-129 H-2A nonimmigrant extension petitions filed by the same petitioner for the same employee in up-to-364-day increments, up to a total period of three years per individual beneficiary, provided that DOL has issued a new TLC to the petitioner for a subsequent 364-day period of need, and further provided that DHS has determined that the H-2A petition filed on the herder's behalf was otherwise approvable under applicable law.  DHS further admits that frequently petitioners file new H-2A nonimmigrant visa petitions for the same individual herders after this three-year period, and

2

6682164.1

that DHS has to date regularly approved such petitions for a new 364-day period of stay in H-2A nonimmigrant status for these individual herders, provided that the individual herder who has reached the maximum uninterrupted three-year period of H-2A stay has remained outside of the United States for at least three months and DHS has determined that the H-2A petition filed on the individual herder's behalf was otherwise approvable under applicable law.

DHS admits that employers of H-2A herders frequently submit requests for extensions of stay on behalf of H-2A herders in 364-day increments and that, to date, the extensions have been regularly approved, if those petitions are accompanied by a TLC approved for such period, DHS has determined that the H-2A petition filed on the individual herder's behalf is otherwise approvable for such period under applicable law, and DHS has determined that an extension of stay is otherwise merited as a matter of discretion.

### C.  Items of Disagreement

The Parties disagree about whether this Court should exercise its discretion to permit further discovery in light of the factual stipulation.

<u>Defendants' Position:</u>

The Federal Defendants believe that the factual stipulation coupled with the already-filed Certified Administrative Record, ECF No. 50, addresses the Circuit Court's concerns and obviates the need for any discovery in this case.  Critically, Plaintiffs have alleged that DOL and DHS have an unlawful "policy" or practice of approving H-2A temporary employment certifications and petitions in violation of the INA and applicable regulations.  The question whether regularly approving H-2A temporary employment certifications and petitions constitutes a violation of the INA and applicable regulations is a legal determination, not a factual question, and is therefore not amenable to discovery.  Other than citing already-filed declarations stating that many herders have received multiple 364-day visas back-to-back—a fact to which the Federal Defendants have now stipulated—Plaintiffs have offered no proof or allegation—let

6682164.1

alone a "strong showing"—of missing evidence, "unalterably closed minds," or bad faith to justify discovery. *Committee of 100 on the Federal City v. Foxx*, 140 F. Supp. 3d 54, 59 (D.D.C. 2015) (discussing the "strong evidence" and "strong showing" necessary to justify discovery in an APA case); *see Air Transport Ass'n of America, Inc. v. National Mediation Bd.*, 663 F.3d 476, 487-88 (D.C. Cir. 2011) ("'Discovery typically is not available in APA cases.  But if a party makes a significant showing—variously described as a strong, substantial, or prima facie showing—that it will find material in the agency's possession indicative of bad faith or an incomplete record, it should be granted limited discovery.'") (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).

Based on the stipulation, Plaintiffs cannot plausibly make any "significant showing" that additional discovery is necessary in order for the Court to reach the remaining merits of this case.  Moreover, contrary to Plaintiffs' speculation, not *all* herder visas are always approved for 364-day periods and not all employers *always* obtain an "extension" of the first or second 364-day visa.  Similarly, DOL and DHS maintain that there is no "unannounced departure in practice from [the] written regulation," because the agencies process the H-2A labor certifications and visa petitions under the established regulatory scheme.  *Cf. Hispanic Affairs Project v. Acosta*, 901 F.3d 378, 387 (D.C. Cir. 2018) (finding that an unannounced departure from a written regulation is a challengeable agency action).  Accordingly, the Federal Defendants request this Court proceed on the factual stipulation and already-Certified Administrative Record, and issue a briefing schedule on the remaining claims.

<u>Plaintiffs' Position</u>:

The D.C. Circuit clarified that this Court can exercise its discretion "to ascertain the contours of the precise policy at issue" in Plaintiffs' challenge. *HAP*, 901 F.3d at 388 (quoting

*Venetian Casino Resort, L.L.C. v. EEOC*, 530 F.3d 925, 928 (D.C. Cir. 2008)). The D.C. Circuit authorized such discovery ***not*** to establish the lawfulness of the agency action or to supplement the administrative record. To the contrary, relying in part on its prior opinion in *Venetian Casino*, the D.C. Circuit allowed discovery for the separate and permissible purpose of establishing the ***existence*** of an agency policy or practice in the first place. *Id.*; *see also HAP*, 901 F.3d at 386 n.4 (noting that extra-record evidence is also allowed for this separate purpose (citing *Venetian Casino*, 530 F.3d at 930)). The existence of an agency policy or practice is normally a factual question subject to the normal rules for resolving such disputes: at the summary judgment stage, the question is whether there is a genuine dispute about the policy's existence, which can be resolved with extra-record evidence. *Venetian Casino*, 530 F.3d at 929–30 (outlining this standard).

The Government fails to appreciate the difference between these two distinct purposes for discovery. For example, it cites *Committee of 100 on the Federal City v. Foxx*, 140 F. Supp. 3d 54, 59 (D.D.C. 2015), which concerns a heightened standard that a party must meet in order to obtain discovery to supplement the administrative record. That is not the purpose for which Plaintiffs would seek such discovery.[1] Rather, Plaintiffs would only seek discovery in this case to establish the existence of an agency practice or policy with regard to the labor certifications and visa petitions. And neither *HAP* nor *Venetian Casino* suggests that the heightened standard for obtaining discovery to supplement the administrative record applies to establishing a policy's existence.

---

[1] In fact, in a petition for panel rehearing that was summarily denied by the D.C. Circuit, the Government presented and lost a similarly flawed argument that was based on the same conflating of these two distinct purposes for discovery. *See* Petition, *HAP v. Acosta*, No. 17-5202 (D.C. Cir. Oct. 1, 2018); Opposition, *HAP v. Acosta*, No. 17-5202 (D.C. Cir. Oct. 19, 2018); Order, *HAP v. Acosta*, No. 17-5202 (D.C. Cir. Nov. 7, 2018) (denying Defendants' motion for panel rehearing).

Even though it has misstated the standard for obtaining discovery in this case, the Government's stipulation appears sufficient for Plaintiffs to proceed with their challenge to the alleged routine "practice" of granting H-2A petitions for effectively three-year periods. As *HAP* clarified, "an agency's unannounced departure in practice from a written regulation is a distinct form of agency action that is challengeable, separate and apart from adoption of the regulation itself." *HAP*, 901 F.3d at 387.

The D.C. Circuit also reasoned that if Plaintiffs "were to prove [their] claims of routine three-year or longer employment terms, [DHS's] policy and practice would contravene the plain text of its own regulations." *HAP*, 901 F.3d at 387. Thus, the above stipulation, which admits the "regular[]" approval of subsequent shepherd visa petitions for "up to a period of three years," is the necessary "proof," that the D.C. Circuit reasoned would establish that DHS's practice "contravene[s] the plain text of its own regulations." In other words, under the need-based understanding of "temporary" embraced by the D.C. Circuit and Plaintiffs, the stipulation by itself establishes liability against DHS under one of Plaintiffs' theories of liability. *See also, e.g.*, ECF # 93 at 18-22 (articulating this understanding of "temporary" as understood in the relevant statutory and regulatory authorities).[2]

Despite the proposed stipulation and this reasoning from *HAP*, the Government has not conceded even partial liability on the alleged APA violations. Instead, it has suggested it might raise defenses that could implicate factual disputes that should be subject to discovery under *HAP* and *Venetian Casino*. For example, the Government has suggested that any pattern of granting shepherd visas is the result of individualized discretion-making by the frontline agency

---

[2] Plaintiffs have alleged that approving shepherd visas for twice-renewed periods of one year each (a de facto three year visa) violates **both** DHS's own regulation, 8 C.F.R. § 214.2(h)(5)(iv)(A), and 8 U.S.C. § 1101(a)(15)(H)(ii)(a).

6682164.1

officials making the certification or petition determinations, which just coincidentally appears to result in this routine practice.

Under *HAP*, this type of argument should fail as a matter of law. The above stipulation itself establishes the type of routine "practice" that the D.C. Circuit envisioned was subject to scrutiny under the APA. *HAP*, 901 F.3d at 387. But if the Court disagrees that this defense would fail as a matter of law, Plaintiffs should be entitled to discovery to rebut factual claim as to how the agency is allegedly exercising its discretion. Indeed, to argue that each herder visa application is unique and a product of individualized decisionmaking is simply another way of denying the existence of a policy or practice. Under these circumstances, Plaintiffs would, for example, pursue discovery about all the ways the agency directs those frontline officials to exercise that alleged discretion. Such discovery could include written documents related to the exercise of that discretion, including emails, handbooks, or other instructions provided to such officials on herder H-2A visas, and written discovery and depositions directed to those frontline officials in depositions regarding how they were trained, how they understand their discretion, and how that discretion is applied in authorizing of H-2A certifications and petitions.[3]

Finally, as to remedy, Plaintiffs' position is that the illegal aspects of the DOL and DHS policies or practices on approving H-2A shepherd visas should be vacated and remanded to the agencies. *See, e.g.*, ECF # 93 at 43-45. Importantly, Plaintiffs have no objection to DOL and DHS continuing to authorize visas for shepherds under the separate and shepherd-specific

---

[3] Quoting *HAP*, the Government also alleges above that "DOL and DHS maintain that there is no 'unannounced departure in practice from [the] written regulation,' because the agencies process the H-2A labor certifications and visa petitions ***under the established regulatory scheme***." This position again appears to be based on a misapprehension of the law: *HAP* teaches that the "established regulatory scheme" embraces the aforementioned need-based understanding of "temporary." DHS admits that it is in fact violating the dictates of its own regulatory scheme by admitting to approving visas for positions for which there is at least a three-year period of need.

regulatory scheme for permanent work visas. *See, e.g.*, 20 C.F.R. § 656.16(a), (c); *see also, e.g.*, ECF # 93 at 45. In conferences and briefing, however, the Government has suggested that vacatur would be unduly burdensome and that, under the D.C. Circuit's decision in *Allied–Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150–51 (D.C. Cir. 1993), remand without vacatur would be appropriate in this case as vacatur would have "disruptive consequences." ECF 101-1 at 52 (quoting *Allied-Signal*). Whether vacatur is unduly burdensome or would lead to disruptive consequences are factual questions that would turn on, among other things, the number of available visas available under 20 C.F.R. § 656.16, and the Government's thus-far conclusory assertions of undue administrative burden. Again, if the Government seeks to raise this defense it should be subject to the same challenge and scrutiny as any fact-based defense offered in litigation.

Plaintiffs therefore offer two proposed schedules: one if the Court determines discovery necessary for liability or remedy prior to summary judgment briefing and another if the Court determines that discovery is not necessary prior to the briefing:

1.     **Proposed Schedule and Discovery Plan if Discovery is Permitted**

- Discovery Cut-off: **June 28, 2019**
- Discovery for Plaintiffs:
    - o   25 Interrogatories
    - o   25 Document Requests
    - o   10 Requests for Admissions
    - o   10 Depositions
- Summary Judgment Motion Deadline (with subsequent briefing subject to a briefing schedule stipulated to by the Parties and submitted to the Court for approval): **August 2, 2019.**

8

6682164.1

2.      **Proposed Schedule and Discovery Plan if Discovery is not Permitted**

- Summary Judgment Motion Deadline (with subsequent briefing subject to a briefing schedule stipulated to by the Parties and submitted to the Court for approval): **January 25, 2019.**

                        Respectfully Submitted,

                         _/s/Dermot Lynch_____
                        Dermot Lynch (admitted pro bono under Rule 83.2(g))
                        William W. Taylor, III (# 84194)
                        ZUCKERMAN SPAEDER LLP
                        1800 M Street, NW, Suite 1000
                        Washington, DC 20036
                        202-778-1800
                        wtaylor@zuckerman.com
                        dlynch@zuckerman.com

                        Alexander Hood (admitted pro bono under Rule 83.2(g))
                        Nina DiSalvo (admitted pro bono under Rule 83.2(g))
                        TOWARDS JUSTICE
                        1535 High St., Suite 300
                        Denver, CO 80218
                        720-239-2606
                        alex@towardsjustice.org
                        *Attorneys for Plaintiffs*

                         _/s/ Jessica A. Dawgert_____
                        Jessica A. Dawgert
                        Senior Litigation Counsel
                        Office of Immigration Litigation
                        P.O. Box 868, Ben Franklin Station
                        Washington, DC 20044
                        (202) 616-9428
                        Jessica.A.Dawgert@usdoj.gov
                        *Attorney for Federal Defendants*

                        /s/Christopher Schulte_____
                        Christopher Schulte
                        CJ LAKE, LLC
                        525 Ninth Street, N.W. Suite 800
                        Washington, DC 20004
                        (202) 465-3000
                        cschulte@cj-lake.com

6682164.1

*Attorney for Intervenor-Defendants*

6682164.1

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2018, I served a true and correct copy of the

forgoing on all parties pursuant to F.R.C.P. 5.


/s/ Dermot Lynch
Dermot Lynch
Attorney for the Plaintiffs

6682164.1