IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Case No. 15-cv-01562-BAH

HISPANIC AFFAIRS PROJECT, ET AL.,
    Plaintiffs,

v.

EUGENE SCALIA, ET AL.,[1]
    Defendants.

## ORDER

On August 17, 2018, the Court of Appeals for the District of Columbia partially vacated this Court's grant of summary judgment in favor of Defendants. *Hispanic Affairs Project v. Acosta*, 901 F.3d 378 (D.C. Cir. 2018). On November 8, 2019, the parties submitted a Joint Status Report and Settlement Agreement outlining the Plaintiffs' and Federal Defendants' proposal for resolving the remaining issues in this case. Based on the agreement of the parties, the Court hereby APPROVES the Settlement Agreement and ORDERS that this case is administratively stayed subject to the following conditions:

1. Pursuant to the terms of the Settlement Agreement, Plaintiffs will file a motion to dismiss, with prejudice, all outstanding counts and claims, including counts five through seven, in and relating to the Second Amended Complaint 90 days after one of the following two dates (whichever is later): (1) the effective date of any final rule rescinding 20 C.F.R. § 655.215(b)(2) proposed under II.A of the Settlement Agreement, or (2) the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the following individuals are substituted for their predecessors: Eugene Scalia as the Secretary of Labor; John Pallasch as the Assistant Secretary for DOL's Employment and Training Administration; and Kevin McAleenan as the Acting Secretary for the Department of Homeland Security.

1

effective date of the USCIS Policy Memorandum referenced in II.B of the Settlement Agreement.

    a.    Recognizing that Defendant Department of Labor ("DOL") cannot agree to or guarantee a specific outcome from its anticipated rulemaking, the remaining claims against DOL in Counts five through seven of the Second Amended Complaint, *see* Answer, ECF No. 127 at 1, will not be dismissed with prejudice, unless or until DOL issues a final rule rescinding 20 C.F.R. § 655.215(b)(2).

2.    Either Plaintiffs or Federal Defendants may move to reactivate the case prior to dismissal if either party believes the terms of the November 8, 2019 Settlement Agreement are not being fulfilled.  A motion to reactivate the case is possible upon meeting the following conditions:

    a.    The party seeking reactivation has provided the opposing party with ten days' notice of their intent to reactivate the case;

    b.    The parties meet and confer in good faith within the ten days of receiving notice; and

    c.    The party seeking reactivation certifies in good faith that the parties are unable to amicably resolve the issue(s) prompting the motion to reactivate the case.  The motion to reactivate may request a status conference to determine the appropriate next steps in the case.

3.    A motion to reactivate may also occur under the following circumstances as long as the parties adhere to the process outlined above:

    a.    If the final United States Citizenship and Immigration Services ("USCIS") Policy Memorandum has not been made effective by June 1, 2020;

b.     If the final USCIS Policy Memorandum does not adequately address the points in paragraph II.B.2.a-i. in the Settlement Agreement within the context of existing statutes and regulations and if Plaintiffs raised their concerns or objections during the comment period for the Memorandum, Plaintiffs may, within 60 days of the issuance of a revised Policy Memorandum, move to reactivate the case on the Court's active docket; or

c.     If DOL has not made substantial progress on the process outlined in Section II.A. of the Settlement Agreement within eighteen (18) months after the date of this Order.

Any prior deadlines, including the prior discovery deadline, in this case are VACATED. Should the case be reactivated, the parties shall submit a joint status report outlining whether any further discovery is necessary.

**SO ORDERED.**

Date: November 12, 2019

_____
BERYL A. HOWELL
Chief Judge